[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The individual plaintiffs have brought this action against the defendants Quinnipiac Medical P.C. and Yale New Haven Health Services, Inc. alleging that the defendants misappropriated certain funds which those plaintiffs had deposited in a deferred compensation plan during their period of employment with the defendant Quinnipiac. The plaintiffs allege that such conduct on the part of the defendants was in contravention of the terms of a severance agreement entered into by the parties and constituted statutory theft, conversion, violation of CUTPA, breach of contract, breach of fiduciary duty, and fraud.
The defendants have moved to strike the third and fourth counts of the complaint, each of which alleges a violation of CUTPA. The third count is directed to Yale New Haven Health Services, Inc. and the fourth count is directed to Quinnipiac Medical. The defendant Yale New Haven Health Services, Inc. is not pressing the motion to strike as to the third count and thus the motion is to be denied as to such count.
As to the fourth count, the defendant Quinnipiac Medical claims that such count must be stricken since the claims asserted therein arise from an employer-employee relationship which does not amount to the conduct of any trade or commerce so as to support a CUTPA claim. See Quimby v.Kimberly Clark Corp., 28 Conn. App. 660, 671 (1992).
The plaintiffs argue that the allegations of wrongdoing do not relate to or arise from the employer-employee relationship and that the court must focus on the conduct of the defendant rather than the relationship of the parties. See Larsen Chelsey Realty Co. v. Larsen, 232 Conn. 480,492 (1995). Both sides have cited numerous superior court decisions as illustrious of their respective positions.
It is the opinion of the court, however, that despite the conduct alleged on the part of the defendants, such conduct does arise from the CT Page 1999 employer-employee relationship and thus cannot support a CUTPA claim against Quinnipiac Medical. The plaintiffs are essentially alleging that during the period of their employment with Quinnipiac Medical they established deferred compensation accounts which have been retained by the defendants rather than turned over to them in connection with the severance agreement. In the court's view, such alleged conduct arises from the employer-employee relationship even though it is alleged to have occurred subsequent to the termination of that relationship.
The motion to strike is therefore denied as to the third count and granted as to the fourth count.
Bruce W. Thompson, J.